**BOLLING, Adoption of, In Re., Plaintiff-Appellant, v. BOLLING, et, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20992.   Decided July 12, 1948.

Clarence C. Fowerbaugh, Cleveland, for plaintiffs-appellants.
Lex Kinter, Cleveland, for defendants-appellees.

## OPINION

By HUNSICKER, J.

This hearing is on a motion to dismiss an appeal filed by Children's Services of Cleveland, Ohio, a charitable organization licensed as a child care agency by the State of Ohio.

The facts show that Lynn Harry Smith, hereinafter called Lynn, the minor son of divorced parents, Harry F. and Dorothy J. Smith, was born March 5, 1943 and was placed by Children's Services in the home of Mr. and Mrs. Robert Bolling on August 7, 1946, the Children's Services paying the Bollings for the care of Lynn.

On July 29, 1947, Harry F. Smith and Dorothy J. Smith, the parents of Lynn, signed and executed voluntarily a permanent surrender of Lynn to the Children's Services, as is provided by §1352-12 GC which permanent surrender Children's Services accepted.

On August 15, 1947, Mr. and Mrs. Bolling filed in the Probate Court of Cuyahoga County a petition to adopt Lynn, and filed therewith the answer and consent of Harry and Dorothy Smith, the natural parents of Lynn.

On September 10, 1947, Children's Services filed a motion in Probate Court to which was attached a copy of the permanent surrender, asking that the Bolling petition for adoption be dismissed for the following reasons:

"1. Lack of jurisdiction of this court to hear the petition.

2. No valid consent to said adoption has been nor can be filed in that a permanent surrender once signed cannot be revoked.

3. Children's Services has permanent and sole custody of said child by virtue of the permanent surrender of said child on the 29th day of July, 1947."

Counsel for Children's Services sought to present evidence to show withdrawal of the consent by one parent to the Bolling adoption petition, and, further, to show the position of Children's Services as a licensed agency and its interest in opposing this adoption by reason of its claim to the complete and permanent custody of Lynn.

The court below refused to hear any testimony on the motion of Children's Services. The parent who had once withdrawn his consent to the Bolling adoption thereupon again consented and the court ordered the adoption of Lynn, by the Bollings. The court further held that Children's Services was not a party in interest and dismissed the motion of Children's Services.

On December 1, 1947, before the order of adoption was made and before the motion of Children's Services was overruled, an answer was filed by Children's Services setting forth fully its claims with respect to the child, Lynn.

It is from the order granting adoption and denying its motion, that Children's Services appeals to this court. Counsel for the Bollings then moved to dismiss the appeal, claiming:

"1. The order appealed from is not a final order or judgment.

2. There is no proper party appealing who had either a derivative or original interest in or was a necessary party to the suit at first instance."

The question to be decided here is, 'does Children's Services have an interest in the adoption proceedings by virtue of the surrender of permanent custody under authority of §1352-12 GC, which it may assert in the Probate Court?'

If Children's Services has any interest at all in Lynn, it is as a result of the permanent surrender agreement which Lynn's parents signed on July 29, 1947.

The right of parents, by contract, to surrender the care, custody and control of their children to others, has long been recognized by the law of Ohio.

**Clark v. Bayer, 32 Oh St 299.**

**In re Duffy, 78 Oh Ap 16.**

The legislature has sought to define the exercise of this right of contract, where the parent is dealing with an approved child care agency, by the enactment of §1352-12 GC. This section provides for a temporary custody and a permanent custody, and further says such agreement "may authorize the association or institution when such agreements are for permanent care and custody to appear in any proceedings, for the legal adoption of such child and consent to its adoption * * *."

In the instant case, there was the written offer on the part of the parents, Smith, to Children's Services, and a written acceptance by Children's Services of such offer. All of this was in compliance with §1352-12 GC. A valid contract for the care and custody of the child was then in effect and, under the terms of this contract, Children's Services was the only one authorized to give consent to adoption as long as the contract of permanent surrender remained in full force and effect.

Under the factual situation herein, Children's Services had an interest upon which it was entitled to be heard.

It is, therefore, not necessary in this hearing to discuss or pass on the question of revocability of a permanent surrender when made in compliance with §1352-12 GC.

The motion to dismiss the appeal is overruled.

DOYLE, PJ, STEVENS, J, concur.